# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1181 | **DATE** | 8/4/2004 |
| **CASE TITLE** | DIRK WESTRA vs. TRANS UNION LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Credit Control's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | AUG - 5 2004 | |
| | Notified counsel by telephone. | | | date docketed | 31 |
| ✓ | Docketing to mail notices. | | | 15 | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | 2004 AUG -4 PM 5:50 | date mailed notice | |
| LG | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRK WESTRA,  )
 )
       Plaintiff,  )
 )
v.  ) 03 C 1181
 )
TRANS UNION LLC and CREDIT  )
CONTROL OF PINELLAS,  )
 )
       Defendants.  )

DOCKETED
AUG - 5 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Dirk Westra filed a complaint alleging that defendant Credit Control of Pinella's (Credit Control) failed to conduct an investigation pursuant to 15 U.S.C. § 1681s(2)(b) of the Fair Credit Reporting Act (FCRA). Credit Control filed a motion seeking summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, defendant's motion is granted.

## BACKGROUND

This case is, hopefully, the last chapter in plaintiff's efforts to overcome the consequences of identity theft. In 1999, plaintiff discovered that he was the victim of identify theft when a former friend fraudulently opened accounts in his name. Plaintiff subsequently succeeded in having the majority of those accounts deleted from his Trans Union credit file. In August 2002, plaintiff learned that Trans Union was reporting an account that Credit Control was collecting on behalf of Pasco Emergency Medical Services (Pasco). Because he

31

had never received services from Pasco, plaintiff mailed a dispute letter to Trans Union along with a fraud statement and personal information about the perpetrator of the identity theft.

Trans Union, upon receiving plaintiff's letter, generated a Consumer Dispute Verification form (CDV) indicating that plaintiff was disputing the account and transmitted the CDV to Credit Control. There is no indication that Trans Union informed Credit Control that plaintiff had been the victim of identify theft. Credit Control verified the name, address and date of birth of the account and, on November 4, 2002, reported that the account belonged to the plaintiff.

In December 2002, after learning that the account was still being reported on his credit record, plaintiff mailed a second dispute letter to Trans Union regarding the account, again including a fraud statement. He also sent a letter directly to Credit Control on December 20, 2002, indicating that the account did not belong to him and that he had been the victim of identify theft. On December 30, 2002, in response to a telephone call from Credit Control, plaintiff furnished his social security number by letter. In January 2003, Trans Union again contacted Credit Control about the account, this time including a notation that the account was fraudulent. After reviewing the information provided by Trans Union and the letters from the plaintiff, Credit Control returned the second CDV to Trans Union in January requesting that the account be deleted.

## DISCUSSION

Our function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the

moving party is entitled to judgment as a matter of law will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

Sections 1681n and 1681o allow a plaintiff to bring a private cause of action for willful and negligent violations of the act. When the furnisher of information relevant to a credit report is notified by a credit agency that specific information is disputed as inaccurate or incomplete, that furnisher must conduct a reasonable inquiry within thirty days to verify the accuracy of the information, taking into account all information provided by the credit agency. 15 U.S.C. § 1681S-2. While the reasonableness of such an inquiry is generally a question of fact reserved for the jury, summary judgment is proper if the reasonableness is beyond question. *See* Crabill v. Trans Union, 259 F.3d 662, 664 (7th Cir. 2001).

The initial CDV received by Credit Control indicated plaintiff was disputing the account, claiming that it did not belong to him. Credit Control verified the name, address and date of birth on the Pasco account and returned the CDV to Trans Union. By providing Trans Union with the information relating to the account, defendant here did more that simply "parrot back" the information provided by Trans Union – it conducted a reasonable investigation. Certain circumstances may require a reporter to more thoroughly investigate the source of information. Kronstedt v. Equifax, 2001 WL 34124783, *7 (W.D. Wis.) Here, however, there was no information on the CDV alerting Credit Control to the possibility that the source was unreliable nor is there anything otherwise indicating that Credit Control knew or should have known that the source was unreliable. *Id.* The amount involved was minor, $281, dating back almost three years. Perhaps the consumer had forgotten or was unaware

of it (e.g. a spouse had taken a child care), or was ducking. A furnisher of information need not contact the subject during every investigation, nor must it treat every dispute as possible identity theft. *See* Mann v. Experian Information Solutions, 2004 WL 432498, *4 (N.D. Ill.) Upon receiving the letter from the plaintiff and the second CDV showing that plaintiff claimed to be the victim of identity theft, Credit Control again conducted a reasonable investigation of the plaintiff's record and deleted the account. While it is unfortunate for the plaintiff that the Pasco account needlessly remained on his credit report until January 2003 (although the delay does not appear to have affected any credit sought by plaintiff), it was not the result of any unreasonable conduct by the defendant.[1]

## CONCLUSION

For the foregoing reasons, defendant Credit Control's motion for summary judgment is granted.

                                                               JAMES B. MORAN
                                            Senior Judge, U.S. District Court

August 4, 2004.

---

[1] Trans Union was a defendant but earlier settled. The circumstances indicate that if Trans Union had provided more information originally, the account would have been deleted a couple of months earlier.