Case: 1:03-cv-01181 Document #: 38 Filed: 06/21/05 Page 1 of 4 PageID #:204

**FILED**

JUN 2 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 04-3139

DIRK WESTRA,

*Plaintiff-Appellant,*

**CERTIFIED COPY**

*v.*

CREDIT CONTROL OF PINELLAS,

*Defendant-Appellee.*

---

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 1181—James B. Moran, *Judge.*

---

ARGUED FEBRUARY 11, 2005—DECIDED MAY 27, 2005

---

Before BAUER, POSNER, and KANNE, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant Dirk Westra appeals from the grant of summary judgment to Defendant Credit Control of Pinellas in Westra's suit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* We affirm.

### Background

Dirk Westra was the unfortunate victim of identity theft in 1999 when a former friend fraudulently opened several

accounts in his name. Westra successfully disputed many of these accounts, and they were deleted from his Trans Union credit file. In August 2002, Westra received notice of an account that Credit Control was collecting on behalf of Pasco Emergency Medical Services, a company located in Florida. As Westra had never resided in Florida nor sought medical attention from this company, he mailed a dispute letter to Trans Union to inform them that the account did not belong to him. This letter included a fraud statement and information about the perpetrator of the identity theft. Trans Union generated a Consumer Dispute Verification Form (CDV) which it sent to Credit Control in October to request an investigation of the disputed account. The CDV sent to Credit Control did not make any reference to fraud or identity theft nor did it include the documentation that Westra had provided. Credit Control verified the account information as accurate and reported that the account belonged to Westra.

In November, Westra received a credit report from Trans Union that still contained the Credit Control account. He then sent a second dispute letter to Trans Union and sent a letter directly to Credit Control in December. Credit Control asked Westra for his social security number, which he provided in a letter dated December 30. In January 2003, Trans Union contacted Credit Control about the account, this time indicating that the dispute was whether the account was fraudulent. Based on this new information, Credit Control ordered a deletion of the fraudulent account on January 22, 2003. Westra claims that he was denied credit from Norwest Bank and First Card and denied a chance to refinance his mortgage at a lower rate due to the delay in removing the fraudulent account from his credit report. Westra filed a complaint against Credit Control, alleging that they failed to conduct a reasonable investigation as mandated by the Fair Credit Reporting

No. 04-3139  3

Act, 15 U.S.C. § 1681s-2(b). Credit Control filed a motion for summary judgment which was granted by the district court.

### *Discussion*

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We review the district court's grant of summary judgment *de novo*, construing all facts and reasonable inferences in the light most favorable to the non-moving party. *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000).

The FCRA imposes certain requirements on consumer reporting agencies, such as Trans Union, and entities that furnish information to those agencies, such as Credit Control. 15 U.S.C. § 1681s. When a consumer reporting agency notifies a furnisher of a dispute with regard to an account, the furnisher of information must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally provided the erroneous information. 15 U.S.C. § 1681s-2(b). Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001).

Credit Control's investigation in this case was reasonable given the scant information it received regarding the

nature of Westra's dispute. Credit Control received a CDV from Trans Union indicating that Westra was disputing the charge on the basis that the account did not belong to him. The CDV did not provide any information about possible fraud or identity theft or include any of the documentation provided to Trans Union by Westra. Credit Control verified Westra's name, address, and date of birth and sent the CDV back to Trans Union. Had Trans Union given Credit Control notice that the nature of the dispute concerned fraud, then perhaps a more thorough investigation would have been warranted. Given the facts of this case, however, Credit Control's verification of Westra's information was a reasonable procedure. Westra further argues that Credit Control should have contacted him directly about the disputed account. While that would have undoubtedly helped matters in the instant case, requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action is not mandated by the FCRA. As such, the fact that Credit Control did not contact Westra does not make their investigation unreasonable.

### *Conclusion*

The grant of summary judgment by the district court is AFFIRMED.

A true Copy:

Teste:

*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—5-27-05